United States District Court

District of Massachusetts

Lawrence Flores,                )
                                )
         Plaintiff,             )
                                )
         v.                     )        Civil Action No.
                                )        19-11691-NMG
Clerk Orleans District Court,   )
                                )
         Defendant.             )
                                )

MEMORANDUM & ORDER

GORTON, J.

In March of 2000, Lawrence Flores ("Flores" or
"petitioner") pled guilty in the Orleans Division of the
Massachusetts District Court Department to assault and battery
by means of a dangerous weapon, violation of a protective order
and assault and battery.  On March 16, 2000, he was sentenced to
two years in custody.  During the nearly two decades since that
time, he has filed numerous, unsuccessful motions to withdraw
his guilty pleas and for a new trial.  In August, 2019, Flores
filed a pro se motion for writ of habeas corpus pursuant 28
U.S.C. § 2254 (Docket Entry No. 1).  In his petition he submits
that he had ineffective assistance of counsel, his plea was

- 1 -

constitutionally invalid, the state court judge was biased and a court recording was altered.

In September, 2019, this Court accepted and adopted the Report and Recommendation of Magistrate Judge Page Kelley (Docket Entry No. 8) dismissing Flores' § 2254 petition.

Flores filed a notice of appeal to the First Circuit in October, 2019. Shortly thereafter, the First Circuit directed this Court to issue or deny a certificate of appealability with respect to Flores' petition. For the following reasons, this Court will deny such a certificate.

## I. **Certificate of Appealability**

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the

existence of mere good faith." <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 338 (2003).

Reasonable jurists would not debate whether Flores' habeas petition should have been decided differently.  Mr. Flores does not allege that he is in custody and his convictions expired well over a decade ago.  Because he is not in custody pursuant to the state convictions he is challenging, the Court does not have jurisdiction to consider his petition.

### ORDER

For the foregoing reasons, with respect to Flores' motion under 28 U.S.C. § 2254 (Docket Entry No. 18), a certificate of appealability is **DENIED**.


**So ordered.**

Nathaniel M. Gorton
United States District Judge


Dated November 19, 2019